STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Robert Thomas,**
**Petitioner Below, Petitioner**

**vs)   No. 15-0712** (Wyoming County 15-C-103)

**Dennis Dingus, Warden,**
**Stevens Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robert Thomas, pro se, appeals the June 30, 2015, order of the Circuit Court of Wyoming County denying his petition for writ of habeas corpus. Respondent Dennis Dingus, Warden, Stevens Correctional Center, by counsel David A. Stackpole, filed a summary response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a school bus driver, and L.M. was a sixteen-year-old girl who rode on his bus.[2] *Ballard v. Thomas*, 233 W.Va. 488, 490, 759 S.E.2d 231, 233 (2014). Petitioner told L.M. that "he . . . could help her with her grades if she would meet him later that evening." *Id.* Petitioner told L.M. "to watch the security cameras at her home for him to drive by and he would pick her

---

[1] Petitioner also filed a motion for appointment of appellate counsel. We address petitioner's motion herein.

[2] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

up." *Id.* at 490-91, 729 S.E.2d at 233-34. L.M. "snuck out of her bedroom window and got into [petitioner]'s car when he arrived." *Id.* at 491, 729 S.E.2d at 234. Petitioner took L.M to a "campground where she claims that respondent locked the car doors, gave her a drink which made her nauseous and sleepy, then proceeded to rape her." *Id.* (Footnote omitted.) Thereafter, according to L.M.'s trial testimony, petitioner "showed her a gun and threatened to kill her sister if she told." *Id.* at 491 n. 4, 729 S.E. 234 n. 4. However, because L.M.'s parents reported her as a runaway, the police detained her the following morning when she showed up for school. *Id.* at 491, 729 S.E.2d at 234.

Faced with DNA evidence, petitioner "acknowledged that he and L.M. had sex, but contended it was consensual." *Id.* Petitioner was later convicted by a jury on one count of sexual abuse by a parent, guardian, custodian or person in a position of trust pursuant to West Virginia Code § 61-8D-5(a). At sentencing, petitioner's counsel made a motion that he be given an alternative sentence. Counsel argued that petitioner should be placed on either probation or home incarceration. Following the State's objection, the circuit court denied the motion for alternative sentencing and ordered petitioner to serve ten to twenty years of incarceration in a correctional facility. Petitioner appealed his conviction and sentence to this Court. On September 22, 2010, we refused petitioner's appeal.

Petitioner subsequently had an omnibus habeas corpus hearing with habeas counsel on September 28, 2012. Following that hearing, the circuit court awarded petitioner relief in the form of a new trial. Respondent appealed to this Court. In *Thomas*, we reversed the award of a new trial and reinstated petitioner's conviction and sentence. *Id.* at 498, 729 S.E.2d at 241.

Petitioner filed his second petition for writ of habeas corpus on May 28, 2015. In light of petitioner's prior habeas proceeding in *Thomas*, the circuit court determined the doctrine of res judicata barred all of petitioner's grounds in his second petition except for petitioner's allegation that the jury should have been given L.M.'s pretrial statement in which she did not mention being shown a gun. With regard to that issue, the circuit court noted that the State did not allege that petitioner used a gun to intimidate L.M. into having sex with him. Rather, the State alleged that petitioner held a position of trust with regard to L.M. as her school bus driver.[3] The circuit court continued, as follows:

> . . . Trial counsel's strategy, as evidenced from the trial and the subsequent omnibus hearing, was to prevent the prosecutor from proving to the jury that [petitioner] was in the required custodial relationship or position of trust as to [L.M.], because if he was not, [L.M.], who according to the evidence was over sixteen but under eighteen, was legally capable of giving consent to sexual intercourse. The focus on whether or not a gun had been displayed would have

---

[3]A person in a position of trust can be convicted of the offense set forth in West Virginia Code § 61-8D-5(a) "notwithstanding the fact that the child may have willingly participated in such conduct[.]" For the purposes of West Virginia Code § 61-8D-5(a), "child" means "any person under eighteen years of age not otherwise emancipated by law." W.Va. Code § 61-8D-1(2).

drawn the jury's attention away from the rather intricate issue of "position of trust" to a much simpler one involving the display of a weapon.

Accordingly, the circuit court determined that petitioner was not prejudiced by the jury not being provided with L.M.'s pretrial statement and denied his habeas petition.

Petitioner now appeals the circuit court's June 30, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

On appeal, petitioner raises two assignments of error. Petitioner first contends that petitioner should be allowed to serve the remainder of his sentence on either probation or home incarceration and, second, that he was not a person in a position of trust with regard to L.M. at the time of their sexual encounter. With regard to the first issue, respondent asserts that it was addressed at petitioner's sentencing hearing when his counsel made a motion for alternative sentencing. Respondent also argues that the issue was not properly raised in a habeas proceeding. We agree with respondent's arguments. The record reflects that at sentencing, petitioner's counsel made the motion to place petitioner on either probation or home incarceration. Thereafter, the State objected and the circuit court denied the motion. Accordingly, we determine that the issue of whether petitioner should be placed on probation or home incarceration was fully litigated at his sentencing. Moreover, while the issue was capable of being re-raised in a timely-filed motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, we find that alternative sentencing is not cognizable in habeas corpus when there is no alleged constitutional violation. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831 (1983) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed."). Petitioner alleges no such violation in this case. Therefore, we reject petitioner's first assignment of error.

With regard to petitioner's second issue, respondent asserts that the issue of whether

petitioner was a person in a position of trust with regard to L.M. was fully litigated both at trial and in the prior habeas proceeding in *Thomas*. We agree. As found by the circuit court, petitioner's defense was to prevent the State from proving to the jury that he was in the required custodial relationship or position of trust as to L.M. In *Thomas*, petitioner argued that trial counsel was ineffective in not proffering jury instructions necessary to that defense. 233 W.Va. at 494, 759 S.E.2d at 237. Contrary to petitioner's argument, we found that, while the jury was not provided with the definition of "person in a position of trust in relation to a child,"[4] it was instructed on who was a "custodian" for purposes of West Virginia Code § 61-8D-5(a).[5] *Id.* at 495, 759 S.E.2d at 238. We further found that, because it was more difficult for the State to prove that petitioner was a "custodian," counsel's failure to request that the jury be given the definition for "person in a position of trust in relation to a child" did not constitute ineffective assistance because it benefited petitioner. *Id.* We further determined in *Thomas* that the jury was instructed that L.M. being in petitioner's care, custody, and control at the time of their sexual encounter constituted an element of the offense. *Id.* at 497, 759 S.E.2d at 240.[6] As previously noted, after being adequately instructed, the jury found petitioner guilty of sexual abuse by a parent, guardian, custodian or person in a position of trust pursuant to West Virginia Code § 61-8D-5(a). Thus, we reject petitioner's second assignment of error as having been fully and finally litigated in prior proceedings. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition. Furthermore, because we can dispose of this case without oral argument, we deny petitioner's motion for appointment of appellate counsel.

For the foregoing reasons, we affirm the circuit court's June 30, 2015, order denying his petition for writ of habeas corpus.

Affirmed.

**ISSUED: May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[4]*See* 233 W.Va. at 491 n. 6, 759 S.E.2d at 234 n. 6 (quoting W.Va. Code § 61-D-1(12) (2005)). The definition of "person in a position of trust in relation to a child" is now at West Virginia Code § 61-D-1(13). *See* 2014 W.Va. Acts ch. 36.

[5]*See* W.Va. Code § 61-D-1(4).

[6]We noted that "whether such a 'temporal' element exists has not been determined by this Court." *Ballard v. Thomas*, 233 W.Va. 488, 496-97, 759 S.E.2d 231, 239-40 (2014).

4